UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

JOSEPH E. BROOKS,                    :

                    Plaintiff,       :     10 Civ. 5304 (BSJ)(HBP)

     -against-                       :     MEMORANDUM OPINION
                                           AND ORDER
MACY'S, INC.                         :

                    Defendant.       :

------------------------------------X


          PITMAN, United States Magistrate Judge:


          Defendant moves to stay discovery pending both the

resolution of its motion for judgment on the pleadings and the

issuance of a decision by the plan administrator on plaintiff's

claims.  For the reasons set forth below, the application is

granted in part and denied in part.

          This is an ERISA action in which plaintiff alleges that

the medical benefits to which he is entitled under his retirement

plan have been improperly restricted.  Plaintiff, who is 82 years

old, was formerly the Chairman and Chief Executive Officer of

Lord & Taylor (Complaint, dated July 12, 2010 (Docket Item 1)

("Compl."), ¶ 1).  He alleges that since his retirement in 1986,

he and his wife have received extensive benefits under the plan,

including reimbursement for health maintenance expenses such as

gym memberships and personal trainers (Compl. ¶¶ 1, 29).  Plain-

tiff alleges that all of these expenses were reimbursed without question through the end of 2009 (Compl. ¶ 1).

In late 2009, after several mergers, plaintiff alleges that the successor to Lord & Taylor, Macy's, began to limit the scope of his benefits under the plan.  According to plaintiff, "Macy's . . . departed from its long standing practice of reimbursing Mr. and Mrs. Brooks for the full cost of their medical and ancillary needs and notified Mr. and Mrs. Brooks that reimbursement of future claims would be judged under different, and much more stringent, standards . . ." (Compl. ¶ 2).

Plaintiff commenced this action on July 13, 2010 and served defendant two days later (Docket Item 2).  Defendant answered the complaint on September 3, 2010 (Docket Item 8), and, as far as the record discloses, first raised the issue of a stay at a pretrial conference held on November 15, 2010.  At the conference, I directed the parties to submit letter briefs addressing the propriety of a stay.  The parties completed their submissions concerning this issue on December 7, 2010.  Also on December 7, 2010, defendant moved (1) to remand count I of the complaint to the plan administrator for further proceedings and (2) for judgment on the pleadings with respect to counts II - V (Docket Item 19).  The principal basis on which defendant seeks

to stay discovery is that discovery will not be necessary if its

motion seeking remand and partial dismissal is granted.

Except in cases covered by the Private Securities

Litigation Reform Act, a motion to dismiss does not automatically

stay discovery.  In re WRT Energy Sec. Litig., 96 Civ. 3610

(JFK), 96 Civ. 3611 (JFK), 1996 WL 580930 at *1 (S.D.N.Y. Oct. 9,

1996) (Keenan, D.J.); see Integrated Sys. & Power, Inc. v.

Honeywell Int'l, Inc., 09 Civ. 5874 (RPP), 2009 WL 2777076 at *1

(S.D.N.Y. Sept. 1, 2009) (Patterson, D.J.) ("It is well-settled

that the issuance of a stay of discovery pending the outcome of a

motion to dismiss is by no means automatic." (inner quotations

omitted)); Spencer Trask Software & Info. Servs., LLC v. RPost

Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (Leisure, D.J.);

Moran v. Flaherty, 92 Civ. 3200 (PKL), 1992 WL 276913 at *1

(S.D.N.Y. Sept. 25, 1992) (Leisure, D.J.); see also Collier v.

Aksys Ltd., 179 F. App'x 770, 771 (2d Cir. 2006).  A motion to

dismiss may, however, provide "good cause" for a protective order

pursuant to Fed.R.Civ.P. 26(c) staying discovery.  As explained

by the Honorable Peter K. Leisure, United States District Judge,

in Niv v. Hilton Hotels Corp., 06 Civ. 7839 (PKL), 2007 WL 510113

at *1 (S.D.N.Y. Feb. 15, 2007):

> Good cause may be shown where a party has filed, or has
> sought leave to file, a dispositive motion, the stay is
> for a short period of time, and the opposing party will

not be prejudiced by the order.  See Spencer Trask
Software & Information Services, LLC v. RPost Intern.
Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); Anti-Monop-
oly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL
101277, at *2, 1996 U.S. Dist. LEXIS 2684, at *6
(S.D.N.Y. March 7, 1996) (collecting cases).

However, while discovery may in a proper case be
limited or stayed pending the outcome of a motion to
dismiss, the issuance of a protective order is by no
means automatic.  See Spencer Trask, 206 F.R.D. at 368
(citing cases).  Two related factors a court may con-
sider in deciding a motion for a restriction or stay of
discovery are the breadth of discovery sought and the
burden of responding to it.  See Anti-Monopoly, Inc.,
1996 WL 101277, at *3, 1996 U.S. Dist. LEXIS 2684, at
*6-7.  Finally, a court should also consider the
strength of the dispositive motion that is the basis of
the application.  See, e.g., Gandler v. Nazarov, No. 94
Civ. 2272, 1994 WL 702004, at *4, 1994 U.S. Dist. LEXIS
17885, at *12 (S.D.N.Y. Dec. 14, 1994) (stay of discov-
ery should be granted where motion to dismiss "is
potentially dispositive, and appears to be not un-
founded in the law.").

See also 2 Michael C. Silberberg, Edward M. Spiro & Judith L.

Mogul, Civil Practice in the Southern District of New York § 24:5

at 24-9 (2d ed. 2008) ("In determining whether to stay discovery

during the pendency of a dispositive motion, the court will

generally look to three factors:  (1) breadth of discovery

sought, (2) any prejudice that would result, and (3) the strength

of the motion.").

Because no discovery requests have been served, it is

impossible to assess both the breadth of the discovery sought and

the prejudice, if any, that defendant would suffer in responding

to the requests.  Although defendant's motion for remand and dismissal seems convincing, plaintiff's arguments in opposition also seem substantial.

In light of the foregoing legal authorities and the relatively limited factual record currently available to me, I conclude that the most appropriate resolution is to permit document requests and interrogatories to be served at this time, but to stay all other discovery, including depositions, until defendant's motion is resolved.  Even if the remand that defendant seeks is granted, the non-deposition discovery will have to be conducted after the administrator renders his or her decision, unless plaintiff prevails at the administrative level.  Thus, it is probably inevitable that the discovery will be conducted at some time, and there does not seem to be any valid reason why it should not be conducted now.[1]  Deposition discovery, on the other hand, frequently tends to be more burdensome, and any depositions may have to be retaken if the remand sought by defendant is granted.  Thus, I conclude that depositions are best deferred at this time.

---

[1]This Order is without prejudice to an application for a further protective order should plaintiff seek wide ranging and expensive discovery of electronically stored information.

Accordingly, for all the foregoing reasons, defendant's application for a stay of discovery is granted to the extent defendant seeks to stay deposition discovery; it is denied in all other respects.

Dated:   New York, New York
         December 21, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Danielle C. Lesser, Esq.
Howard S. Wolfson, Esq.
Wendy M. Fiel, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, New York   10022-4784

James R. Williams, Esq.
Michael D. Jacobster, Esq.
Ravindra K. Shaw, Esq.
Jackson Lewis LLP
666 Third Avenue
New York, New York   10017