```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSEPH E. BROOKS,                   :

                  Plaintiff,        :    10 Civ. 5304 (BSJ)(HBP)

     -against-                      :    MEMORANDUM OPINION
                                         AND ORDER
MACY'S, INC.                        :

                  Defendant.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated January 5, 2011 (Docket Item 26), plaintiff moves for reconsideration of my Order dated December 21, 2010 (Docket Item 23) which granted in part and denied in part defendant's motion to stay discovery. Specifically, my December 21, 2010 Order stayed deposition discovery but permitted other discovery to proceed. For the reasons set forth below, plaintiff's motion is denied.

Motions for reconsideration are appropriate only in very limited circumstances. As explained by the Honorable Michael B. Mukasey, United States District Judge, now retired, in McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F. Supp. 833, 833 (S.D.N.Y. 1989):

> Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." Weissman v. Fruchtman,

>   658 F. Supp. 547 (S.D.N.Y. 1987).  The proponent of
>   such a motion is not supposed to treat the court's
>   initial decision as the opening of a dialogue in which
>   that party may then use [Local Civil Rule 6.3] to
>   advance new facts and theories in response to the
>   court's rulings.  The purpose of the rule is "to ensure
>   the finality of decisions and to prevent the practice
>   of a losing party examining a decision and then plug-
>   ging the gaps of a lost motion with additional mat-
>   ters."  Lewis v. New York Telephone, No. 83 Civ. 7129,
>   slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in
>   Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169
>   (S.D.N.Y. 1988).

See also Mahmud v. Kaufmann, 496 F. Supp.2d 266, 269-70 (S.D.N.Y. 2007).  "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  Quinn v. Altria Group, Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion."  Am. Alliance Ins. Co. v. Eagle Ins. Co., 163 F.R.D. 211, 213 (S.D.N.Y. 1995), rev'd on other grounds, 92 F.3d 57 (2d Cir. 1996), citing Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); Fulani v. Brady, 149

F.R.D. 501, 503 (S.D.N.Y. 1993), aff'd sub nom., Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994); E. Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y. 1992); B.N.E. Swedbank, S.A. v. Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991); Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985). Thus, "a party in its motion for reargument 'may not advance new facts, issues or arguments not previously presented to the court.'" In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1994), quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 86 Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4, 1989), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992); accord Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991); see also Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994). "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." In re City of New York, as Owner and Operator of M/V Andrew J. Barberi, CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enter. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr.

24, 2003); Cohn v. Metropolitan Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007); In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 349 (S.D.N.Y. 2004); Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996).

Because an application to stay discovery pending the resolution of a dispositive motion is addressed to the court's discretion, see Anthracite Capital Bofa Funding, LLC v. Knutson, 09 Civ. 1603 (LTS)(KNF), 2009 WL 4496050 at *2 (S.D.N.Y. Dec. 3, 2009) (Swain, D.J.), there will rarely be controlling facts or precedents that would warrant reconsideration, and plaintiff cites no such controlling facts or precedents here. The only issue raised by plaintiff that warrants comment is his contention that certain witnesses are of advanced age and that their testimony may be lost if their depositions are deferred for a substantial period of time.[1] Although it is, no doubt, true that preservation of testimony is more of a consideration with older witnesses, plaintiff does not make any specific showing here that any of the witnesses suffers from a condition that warrants a

---

[1] Defendant correctly notes that this contention was not raised by plaintiff in his original opposition to the motion to stay discovery.

deposition to preserve his or her testimony.[2]  I do not believe there is any basis to assume that any of the witnesses in this matter face a substantial and proximate risk of losing the ability to testify.

Accordingly, based on the present record, plaintiff's motion for reconsideration is denied.  My ruling is without prejudice to a renewed application to compel deposition discovery if either side can make a specific showing that a witness's health warrants a deposition to preserve the witness's testimony.

Dated:  New York, New York
        April 8, 2011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Danielle C. Lesser, Esq.
Howard S. Wolfson, Esq.
Wendy M. Fiel, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, New York  10022-4784

---

[2]The absence of this evidence of such evidence may be the result of Local Rule 6.3 which prohibits the submission of affidavits in connection with motions for reconsideration.

5

James R. Williams, Esq.
Michael D. Jacobster, Esq.
Ravindra K. Shaw, Esq.
Jackson Lewis LLP
666 Third Avenue
New York, New York  10017